# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| VASCULAR SOLUTIONS, INC., | Civil No. 13-1172 (JRT/SER) |
| Plaintiff, | |
| v. | **ORDER ON DEFENDANT'S REQUEST TO FILE A MOTION TO RECONSIDER** |
| BOSTON SCIENTIFIC CORPORATION, | |
| Defendant. | |

J. Thomas Vitt and Heather D. Redmond, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for plaintiff.

Edward Han, Matthew M. Wolf, Tara Williamson, and Seth I. Heller, **ARNOLD & PORTER LLP**, 555 Twelfth Street Northwest, Washington, DC 20004; Jeffer Ali, **CARLSON CASPERS VANDENBURGH LINDQUIST & SCHUMAN PA**, 225 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for defendant.

This is a patent dispute between plaintiff Vascular Solutions, Inc. ("Vascular") and defendant Boston Scientific Corporation ("BSC"). On December 9, 2013, the Court granted Vascular's motion for preliminary injunction in part. (Order, Dec. 9, 2013, Docket No. 76 (filed under seal)). Pursuant to Local Rule 7.1(j), BSC filed a letter requesting permission to file a motion to reconsider the Court's preliminary injunction order. (Letter to Request Permission to File Motion to Reconsider ("Request Letter"), Dec. 12, 2013, Docket No. 79.)

Under Minnesota Local Rules, a party may only file a motion to reconsider with express permission of the court, and "[a] party must show compelling circumstances to obtain such permission." D. Minn. LR 7.1(j). This is because

> [m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the . . . motion.

*Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotations omitted). District courts have broad discretion in determining whether to permit a party to file a motion to reconsider. *Eckerson v. Blowers*, Civ. No. 07-984, 2008 WL 239556, at *1 (D. Minn. Jan. 29, 2008) (citing *Hagerman*, 839 F.2d at 413).

In its request, BSC argues that the Court erred in granting a preliminary injunction on several dependent claims in Vascular's patent. BSC argues that Vascular improperly focused on these dependent claims in its reply memorandum in support of its motion for a preliminary injunction when it had focused on claim 1 in its opening brief, thus "effectively depriv[ing] BSC of the opportunity to address [Vascular's] arguments in briefing." (Request Letter at 1.) BSC points to three arguments about the dependent claims that it argues the Court missed because of this missed opportunity.

First, BSC is mistaken that Vascular's briefing deprived it of the opportunity to address the dependent claims. Vascular filed its reply memorandum on July 24, 2013 (*see* Docket No. 43), the hearing was held on August 27, 2013 (*see* Docket No. 58), and the Court issued its order on December 9, 2013 (Docket No. 76 (filed under seal)). At no time before the Court issued its order did BSC seek permission to file a surreply or

otherwise seek to address Vascular's allegedly new arguments.  Nor did BSC move to strike Vascular's reply memorandum or argue that the reply memorandum violated Local Rule 7.1(c)(3)(B).  D. Minn. LR 7.1(c)(3)(B) ("A reply memorandum must not raise new grounds for relief or present matters that do not relate to the opposing party's response.").

Second, BSC's arguments about the dependent claims do not show "compelling circumstances" as required to warrant granting permission to file a motion to reconsider.  BSC focuses initially in its request letter on attempting to reframe the analysis of whether the dependent claims were obvious in light of the Adams patent.  The Court squarely addressed this argument in its Order.[1] (*See* Order at 33-35 (discussing lack of showing of motivation to combine Adams with other patents).)  This is not an argument that is appropriately addressed on a motion to reconsider.  *See In re Mirapex Products Liab. Litig.*, 735 F. Supp. 2d 1113, 1125 (D. Minn. 2010) (denying request to file motion to reconsider, noting "the Court explicitly addressed the same legal argument Plaintiff raises in his letter request") *aff'd sub nom. Gazal v. Boehringer Ingelheim Pharm., Inc.*, 647 F.3d 833 (8th Cir. 2011).

BSC also points to a prior art not previously presented in the briefings, the Klein patent, arguing that Vascular's dependent claims are invalid and obvious in light of Klein.  Although evidence of this patent is new to this dispute, it is not new to the parties

---

[1] To the extent that BSC claims that it has "recently uncovered 20-year-old documents showing that devices build based on Adams were fully functional," BSC does not claim that it uncovered these documents **before** the Court issued its order nor that it could not have found the documents during the briefing of the motion.  (*See* Request Letter.)  Furthermore, it is not clear that, even if the Adams-built devices were "fully functional," the proximal side openings and collar are rendered obvious or that Vascular copied the Adams patent.

or BSC.  BSC apparently chose not to raise this issue in its briefing, although it now claims that it would have if it had known that Vascular would focus on these claims in its reply memorandum.  This does not warrant reconsideration, as motions to reconsider "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced" during the pendency of the motion before the Court."  *Hagerman*, 839 F.2d at 414 (internal quotations omitted).

Finally, BSC argues with regard to secondary considerations of obviousness that the Court did not tailor its analysis of commercial success or other secondary considerations to the specific features of the dependent claims themselves.  BSC makes a similar nexus argument with regard to the Court's irreparable harm analysis—that the Court failed to find that there was a nexus between the specific patented feature and irreparable harm as required by the Federal Circuit in *Apple Inc. v. Samsung Electronics Co.*, 695 F.3d 1370 (Fed. Cir. 2012).  These arguments do not point to "manifest errors of law," *Hagerman*, 839 F.2d at 414, as BSC does not claim that the Court applied the **wrong** standard altogether, but rather that the Court incorrectly applied the nexus requirements to the instant facts.  Thus, reconsideration of the same facts as applied to these standards will not be fruitful and instead these arguments are more properly presented to the Federal Circuit on appeal.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

5

1. The defendant's request for permission to file a motion to reconsider [Docket No. 79] is **DENIED**, and

2. The stay of the preliminary injunction order [Docket No. 80] is lifted effective 21 days from the issuance of this Order.

DATED: December 23, 2013              _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                 United States District Judge